UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEUBAUER-PERKINS, INC., and SMITH & NEPHEW, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:19-cv-0821 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| JASON WALTERS & ASSOCIATES, LLC, JASON WALTERS, and MATTHEW FRENCH, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Neubauer-Perkins, Inc. and Smith & Nephew, Inc. filed a First Amended Complaint against defendants Jason Walters, Mathew French, and Jason Walters & Associates, LLC in relation to the parties' non-compete agreements. Before the Court is defendants' motion to compel arbitration. For the reasons stated below, the Court grants defendants' motion.

**Background**

Smith & Nephew is a medical technology company engaged in the business of developing, manufacturing, and selling medical products and services related to trauma, sports medicine, and orthopedic reconstruction. Neubauer-Perkins is a distributor of Smith & Nephew's orthopedic reconstruction products in Illinois, Wisconsin, Michigan, and Northwest Indiana. Neubauer-Perkins engaged Jason Walters & Associates ("Associates"), Walters, and French as independent contractor sales representatives to solicit sales in Michigan. On November 12, 2016, all three defendants entered into Independent Contractor Agreements ("2016 Agreements") with Neubauer-Perkins, which included non-compete and non-solicitation provisions. The 2016 Agreements also contained a forum selection clause stating, "[a]ny litigation arising under this Agreement or otherwise between the Parties shall proceed in the state or federal courts located in Cook County, Illinois." Illinois law

governs any disputes under the 2016 Agreements.

Four months later, Neubauer-Perkins, Walters, and French—but not Associates—entered into March 16, 2017 Sales Representative Non-Compete and Non-Solicitation Agreements ("2017 Agreements"). Paragraph 9 of the 2017 Agreements states:

> Other than claims for injunctive relief brought pursuant to Section 8, above, [Walters/French] and [Neubauer-Perkins] agree that any controversy, dispute, or claim between them relating to or arising under this Non-Compete Agreement, including the validity of this arbitration clause, will be submitted to and resolved by final and binding arbitration to be held in Chicago, Illinois (or such other location in the State of Illinois as agreed by the party that initiated the arbitration proceeding), in accordance with and pursuant to the rules of the American Arbitration Association ("AAA") then in force or any successor rules[.]

Paragraph 15 of the 2017 Agreements provides: "This Non-Compete Agreement executed by the parties sets out the entire agreement between the parties as to the subject matter hereof, and supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof." Also, the 2017 Agreements unequivocally provide that Smith & Nephew is intended to be a third-party beneficiary and has the right to act directly against Walters and French to enforce the agreements. On the other hand, the 2016 Agreement with Associates does not include a third-party beneficiary provision. Illinois law also governs any disputes under the 2017 Agreements.

**Legal Standard**

A motion to dismiss under Rule 12(b)(3) for improper venue is the appropriate procedure when a litigant seeks to dismiss a lawsuit based on an arbitration agreement. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011); *Automobile Mech. Local 701 Welfare &Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). Under Rule 12(b)(3), district courts may consider materials outside of the pleadings, including the parties' arbitration agreement. *Continental Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). In determining whether an agreement's arbitration clause controls, federal courts apply state-law

2

principles of contract formation. *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 710 (7th Cir. 2019). "Generally, federal policy favors arbitration, and once an enforceable arbitration contract is shown to exist, questions as to the scope of arbitrable issues should be resolved in favor of arbitration." *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017).

**Discussion**

In response to defendants' motion to compel arbitration, plaintiffs admit that their claims against individual defendants Walters and French are subject to arbitration under the 2017 Agreements. Nonetheless, because Associates was not a party to the 2017 Agreements, plaintiffs argue that the 2016 Agreement controls their relationship with Associates, a Michigan limited liability company ("LLC") whose sole member is Jason Walters. As discussed, the 2016 Agreement contains a forum selection clause that all litigation shall proceed in the state or federal courts located in Cook County. Plaintiffs thus contend that their claims against Associates must stay in this Court, even though the claims against Walters and French are subject to arbitration. Defendants counter that the parties' intent was to resolve all disputes pertaining to the independent contractor sales agreements in arbitration.

In construing contracts under Illinois law, "the primary objective is to give effect to the intention of the parties." *Right Field Rooftops, LLC v. Chicago Cubs Baseball Club*, LLC, 870 F.3d 682, 689–90 (7th Cir. 2017). "When a contract might allow different constructions, Illinois courts prefer the reading that is 'fair, customary, and such as prudent men would naturally execute'" rather than "'an interpretation that makes a contract inequitable, unusual, or such as a reasonable man would not be likely to enter.'" *Bank of Commerce v. Hoffman*, 829 F.3d 542, 548 (7th Cir. 2016) (citation omitted). In short, when construing contracts, Illinois courts avoid absurd results. *Smith v. West Suburban Med. Ctr.*, 922 N.E.2d 549, 554, 337 Ill.Dec. 426, 397 Ill.App.3d 995 (1st Dist. 2010).

Looking to 2016 Agreement provisions as a whole, Walters signed the 2016 Agreement on behalf of Associates and himself. And, although a member of an LLC like Walters is usually not liable for an LLC's obligations, the 2016 Agreement states: "The obligations of this Agreement attributable to Independent Contractor (Associates) and Shareholder (Walters) shall apply equally to both of those parties." Further, Walters and Associates were jointly and severally liable under the 2016 Agreement. In essence, the 2016 Agreement treated Walters and Associates as one and the same, which makes sense because LLCs necessarily act through their members.

With this in mind, if the Court interpreted the Agreements as plaintiffs suggest, any such literal interpretation would foster the absurd result of plaintiffs litigating their claims against Associates in federal court, while they pursue the same theories of liability against Walters and French in arbitration. The Court would be hard-pressed to conclude that rational people seeking rational ends would have agreed to this result, *see Sirazi v. General Mediterranean Holding,* 826 F.3d 920, 925 (7th Cir. 2016), in light of the duplicate efforts and expenditures the parties will face in litigating the same claims—centered around a single set of operative facts—at the same time in two separate venues. *See Smith*, 922 N.E.2d at 553 ("a contract is construed in accordance with the ordinary expectations of reasonable people"). Rather, a natural and reasonable understanding of the 2016 and 2017 Agreements is that the parties intended to resolve their disputes via arbitration.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motion to compel arbitration and dismisses plaintiffs' complaint without prejudice. [28]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 2/7/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4